FILED

03/13/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 23-0747



ORIGINAL

IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 23-0747

IN RE THE MARRIAGE OF:

SHAWN M. STUTZMAN,

Petitioner and Appellee,

and

KRIS STUTZMAN,

Respondent and Appellant.

FILED

MAR 13 2024

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

Through counsel, Appellee Shawn M. Stutzman moves this Court for dismissal of the appeal. Appellant Kris Stutzman has filed a response in opposition.

Kris appeals a December 7, 2023 Order of the Twentieth Judicial District Court, Lake County, that in part granted Shawn's emergency motion for sale of the marital home and directed that proceeds of the sale be distributed pursuant to the parties' Marital and Property Settlement Agreement. The court further ordered Kris to allow access to the home for any purpose related to its sale. The court issued a writ of assistance on December 21. Shawn contends that the December 7 Order is not appealable, pursuant to M. R. App. P. 6, because it is not a final judgment as defined in M. R. App. P. 4(1)(a) nor has it been certified as final, pursuant to M. R. App. P. 6(6).

Kris opposes the motion and also renews her request for an "Emergency Stay and Injunction," concerning the sale of the marital home. This Court denied her request for a stay and injunction earlier this year, and Kris has not demonstrated why that ruling should be altered. *Marriage of Stutzman*, No. DA 23-0747, Order, at 1 (Mont. Jan. 9, 2024).

Shawn is correct that the December 7 order is not a final judgment in the case, as it appears there are still motions pending before the District Court. M. R. App. P. 4(1)(a) ("A final judgment conclusively determines the rights of the parties and settles all claims

in controversy in an action or proceeding, including any necessary determination of the amount of costs and attorney fees awarded or sanction imposed."). A party may, however, take an appeal from an order "directing the transfer, delivery, or surrender of property[,]" provided that the order is the court's "final decision on the referenced matter." M. R. App. P. 6(3)(h). Although the District Court's December 7 order did not resolve "all claims in controversy in [the] action," the order is the court's final decision on the question of possession of the property in question. Under M. R. App. P. 6(3)(h), Kris's appeal is properly before the Court, as it is the District Court's final order divesting her right to remain in possession.

IT IS THEREFORE ORDERED that the motion to dismiss is denied.

The Clerk is directed to provide a copy of this Order to counsel of record and to Kris Stutzman personally.

DATED this 13ᵗʰ day of March, 2024.

_____

_____

_____

_____

_____
Justices

2